NOT FOR PUBLICATION (Doc. Nos. 13, 15)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
NICHOLAS M. MASINO, JR.,             :
                                    :
      Plaintiff,                     :   Civil No.
                                    :   11-06690 (RBK/KMW)
    v.                                :
                                    :   **OPINION**
SANDRA B. HAYES, et. al.,            :
                                    :
      Defendants.                    :
_____ :

**KUGLER**, United States District Judge:

    This matter comes before the Court upon the Motion for Default Judgment filed by Nicholas M. Masino, Jr. ("Plaintiff") against Sandra B. Hayes ("Hayes") and Michael A. Diaz ("Diaz")(collectively, "Defendants"). For the reasons expressed below, Plaintiffs' motion for default judgment is **DENIED**. Defendants' cross-motion to set aside the default is **GRANTED**.

**I. BACKGROUND**

    Plaintiff filed this action seeking compensation for injuries he claims to have sustained in a 2009 motor vehicle accident. See Compl. ¶18. On February 29, 2012, Defendants were allegedly served with a summons and complaint. The affidavit of service stated that Defendants were personally served at "1320 Kings Highway, Haddon Heights, New Jersey." Pl. Mot. Default J. Ex. B, C. After Defendants failed to respond, Plaintiff requested an entry of default. Doc. 9, 10. On March 26, 2012, the clerk entered

default against Defendants. Plaintiff then moved for default judgment. See Pl. Mot. Default.

Defendants filed a cross-motion to set aside the default, explaining that they were not personally served and did not reside at the address listed on the affidavit of service at the time that they were allegedly served. See Defs.' Mot. Set Aside Default at 2,3. This Court vacated the default against Hayes, but the motion against Diaz remains pending. See Doc. 18.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. See Anchorage Assocs. v. Virgin Island Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). While the entry of a default judgment is largely a matter of judicial discretion, the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984) (citations omitted).

In Defendants' cross-motion to set aside the default, Defendants contend that they were never personally served. See Def.'s Cross Mot. Set Aside Default at 2. The motion is supported by an affidavit from Hayes, in which she avers that "to the best of [her] knowledge, [Diaz] would not have been living or present at [the Haddon Heights] address on or about February 29, 2012." Id. at Ex. A. This Court has already vacated the default against Hayes and will now do the same for Diaz.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's motion for default judgment is **DENIED**. Diaz's cross-motion to set aside the default is **GRANTED.** An appropriate order shall issue today.


Date:  12/5/12                                         /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge